**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Candelario GRAJEDA–ZAMORANO,
also known as Candelario Zamora-
no–Grajeda, Defendant–Appellant.**

No. 03–50953.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Joseph H. Gay, Jr, Assistant US Attor-
ney, US Attorney's Office, San Antonio,
TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal, Public De-
fender, Donna F. Coltharp, Federal Public
Defender's Office, San Antonio, TX, for
Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M.
GARZA, and PRADO, Circuit Judges.

PER CURIAM.[*]

Candelario Grajeda–Zamorano appeals
the sentence imposed following his guilty
plea conviction of being found in the Unit-
ed States after deportation/removal in vio-
lation of 8 U.S.C. § 1326. Grajeda–Zamo-
rano contends that 8 U.S.C. § 1326(a) and
8 U.S.C. § 1326(b) define separate of-
fenses. He argues that the prior convic-
tion that resulted in his increased sentence
is an element of a separate offense under 8
U.S.C. § 1326(b) that should have been
alleged in his indictment. Grajeda–Zamo-
rano maintains that he pleaded guilty to an
indictment which charged only simple
reentry under 8 U.S.C. § 1326(a). He ar-
gues that his sentence exceeds the two-
year maximum term of imprisonment
which may be imposed for that offense.

In *Almendarez–Torres v. United States*,
523 U.S. 224, 235, 118 S.Ct. 1219, 140
L.Ed.2d 350 (1998), the Supreme Court
held that the enhanced penalties in 8
U.S.C. § 1326(b) are sentencing provi-
sions, not elements of separate offenses.
The Court further held that the sentencing
provisions do not violate the Due Process
Clause. *Id.* at 239–47. Grajeda–Zamora-
no acknowledges that his argument is fore-
closed by *Almendarez–Torres,* but asserts
that the decision has been cast into doubt
by *Apprendi v. New Jersey,* 530 U.S. 466,
490, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000). He seeks to preserve his argu-
ment for further review.

*Apprendi* did not overrule *Almendarez–
Torres. See Apprendi,* 530 U.S. at 489–90;
*United States v. Dabeit,* 231 F.3d 979, 984
(5th Cir.2000). This court must follow *Al-
mendarez–Torres* "unless and until the Su-
preme Court itself determines to overrule
it." *Dabeit,* 231 F.3d at 984 (internal quo-
tation marks and citation omitted). The
judgment of the district court is AF-
FIRMED.

The Government has moved for a sum-
mary affirmance in lieu of filing an appel-
lee's brief. In its motion, the Government
asks that an appellee's brief not be re-
quired. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.